57 CCPA

**Siegfried KADEMANN, Appellant,**

v.

**Ernst BOLLMANN, Appellee.**

**Patent Appeal No. 8262.**

United States Court of Customs and Patent Appeals.

March 5, 1970.

stores by subsidiary corporations of applicant.

Bryan & Butrum, James E. Bryan, Roy W. Butrum, Washington, D. C., attys. of record, for appellant.

Pennie, Edmonds, Morton, Taylor & Adams, Washington, D. C., for appellee. J. Philip Anderegg, New York City, John L. Sigalos, Washington, D. C., of counsel.

Before RICH, Acting Chief Judge, ALMOND, BALDIN and LANE, Judges, and FORD, Judge, United States Customs Court, sitting by designation.

LANE, Judge.

This is an appeal from the decision of the Board of Patent Interferences awarding priority on the single count in issue to Bollmann. The interference was declared between Bollmann's application serial No. 271,795, filed April 9, 1963, for "Heavy Diesel Locomotive," and Kademann's application serial No. 267,114, filed March 22, 1963, for "Locomotive."

Bollmann became senior party through the granting by the primary examiner of his motion to shift the burden of proof, based upon his earlier-filed Swiss application. Kademann's sole contention, both here and below, is that Bollmann has no right to make the count. The examiner found, and the board held, that Bollmann could make the count. We agree, and we affirm the board's decision.

The count is as follows:

1. A locomotive comprising trucks and a bridge girder connecting said trucks and having an engine mounted thereon, a power take-off on each end of the engine, a first pair of drive shafts each connecting one of the power take-offs with a *transmission carried by the locomotive,* and a second pair of drive shafts each connecting one transmission with a distributor gear on a truck whereby power from the engine is transmitted to the trucks to drive said locomotive, the second pair of drive shafts being connected to sides of the transmissions which face in the same direction. (Emphasis ours.)

The issue with respect to Bollmann's right to make the count concerns the emphasized limitation that each transmission be carried by the locomotive. Bollmann's specification and drawing show the transmissions mounted on the trucks. Kademann's disclosure and drawing show them mounted on the bridge girder connecting the trucks.

Kademann contends that the meaning of "carried by the locomotive" is ambiguous and hence should be construed to mean "carried by the locomotive frame," as stated in Kademann's disclosure, since the count originated in Kademann's application. He cites this court's decision in McCutchen v. Oliver, 367 F.2d 609, 54 CCPA 756 (1966), in support of this position. Kademann also contends that Bollmann disclaimed the subject matter of the count. He bases this contention on Bollmann's remarks, made during the course of prosecution, that the limitation in certain of Bollmann's claims that "a separate hydraulic drive unit is supported in each of the two recited trucks" was "of capital importance." Kademann also bases his contention of disclaimer on the fact that, until the interference was declared, Bollmann had not asserted any claim as broad as the count here in issue.

Kademann's contention of ambiguity of the count limitation in issue is unsound. Whatever "locomotive" may mean in other contexts, as used by both Kademann and Bollmann it clearly includes the trucks. The count first appeared as claim 1 in Kademann's application, and, as set forth above, it recites "A locomotive comprising trucks and a bridge girder * * *." Further, claim 5 of Kademann's application reads: "5. A *locomotive* according to claim 1 *in which the trucks* face in the same direction." Clearly Kademann considered the trucks to be part of the locomotive, and we see no such ambiguity as was present in *McCutchen*, supra.

 Kademann's contention of disclaimer by Bollmann is also unsound. Bollmann's remarks, mentioned above, were with regard to the claims then present in his application. We know of no authority for holding that the failure to present broader claims prior to suggestion thereof by the examiner is any evidence of disclaimer.

The decision of the board is affirmed.

Affirmed.